**DENIED and Opinion Filed April 24, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00464-CV

### IN RE ASHLEY NICOLE HORNE, Relator

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-20-03505**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

Before the Court are relator's April 18, 2024 petition for writ of mandamus and emergency motion for temporary relief. In her petition, relator challenges the trial court's denial of her demand for jury trial and certain aspects of the trial court's temporary orders. In her emergency motion, relator seeks a stay of the temporary orders and the current trial setting pending our action on the petition.

Relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See In re Cantu*, No. 05-23-01131-CV, 2023 WL 7871643, at *1 (Tex. App.—Dallas Nov. 16, 2023, orig. proceeding) (mem. op.). A petition must include a certification that the person filing

the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Our precedent requires "exceptionally strict compliance" with rule 52.3(j). *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at *1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.). "To comply with prior opinions of this Court that interpret mandamus rules, relators should use the exact words of rule 52.3(j) without deviation in their certification." *Id.* Here, relator's petition includes a verification attesting to the authenticity of the documents included with the petition but not a certification that the person filing the petition has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. Therefore, we conclude that relator failed to strictly comply with rule 52.3(j).

We also note that relator omitted a statement of the case and failed to support her statement of facts with citations to competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(d), (g).

Accordingly, we deny relator's petition. We also deny as moot relator's emergency motion.

240464f.p05

/Craig Smith//
CRAIG SMITH
JUSTICE

–2–